

**U.S. Department of Justice**
Federal Bureau of Prisons

**Designation and Sentence Computation Center**

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051-2412*

June 16, 2014


The Honorable Samuel H. Mays, Jr.
Judge of the U.S. District Court
  for the Western District of Tennessee
Clifford Davis and Odell Horton Federal Building
167 North Main Street, Room 242
Memphis, Tennessee 38103

**RE: HARNESS, William**
    Register Number: 19503-075
    Case Number: 10-20194-01-MA

Dear Judge Mays:

On January 26, 2012, William Harness was sentenced by the Court to a 57-month term of confinement for Conspiracy to Possess with Intent to Distribute Oxycodone, a Schedule II Controlled Substance. At the time the federal sentence was imposed, Mr. Harness was under the primary jurisdiction of state authorities in Tennessee, and in federal custody pursuant to a Writ. The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action in state court. Following sentencing, Mr. Harness was appropriately returned to state authorities and the U.S. District Court Judgment was filed as a detainer.

On July 26, 2012, Mr. Harness was sentenced by the state of Tennessee to a 13-year, 6-month term of imprisonment for Conspiracy to Sell 300 Grams of Cocaine.

Mr. Harness satisfied his state obligation on February 3, 2014, and was released to the federal detainer on that date to commence service of his federal sentence as provided by Title 18 U.S.C. § 3585(a).

Mr. Harness has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau of Prisons (Bureau) designating the state institution for service of his federal sentence. Such action would thereby reduce the total amount of time spent in custody. In Setser v. United States, __ U.S. __, 132 S.Ct. 1463, 192 L.Ed.2nd 455 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent or consecutive with any other sentence rests with the federal sentencing court.

Such a retroactive designation is made if the federal sentencing Court indicates the federal term is to be concurrent to the state term, or if the federal sentencing Court does not state it's intention, such designation may be completed after the review of all factors under Title 18 U.S.C. § 3621(b).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. It is the Bureau's preference that the federal sentencing Court state its position with respect to a retroactive designation. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.

Should the Court indicate the sentence is to run concurrent to the state term, the Bureau will commence the sentence in the above judgment on the date of imposition which would result in Mr. Harness' release from his federal sentence on or about March 16, 2016. Should the Court indicate the term is to run consecutive to the state term he will continue to a current projected release date of March 23, 2018.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Patrick Liotti, Management Analyst, at 972-595-3181.

Sincerely,

Jose A. Santana
Chief

pml
cc: Jerry Kitchens, AUSA
    Whitney Bailey, USPO

**U.S. Department of Justice**
Federal Bureau of Prisons
Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

Official Business
Penalty for Private Use $300

RECEIVED
2014 JUN 19 PM 1:16



02 1P
000689945 7
MAILED FROM ZIP CODE 75051
$ 000.48⁰
JUN 17 2014
PITNEY BOWES
U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300