UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESEE

UNITED STATES OF AMERICA,  )   No. 10-201941-01-MA

       Respondent,  )

Vs.  )

WILLIAM HARNESS,  )

  )

     Defendant-Movant.  )


**MOTION FOR REDUCTION OF SENTENCE**
**TITLE 18, UNITED STATES CODE**
**SECTION § 3582(c) (2)**

COMES NOW, defendant William Harness, (Movant) pro se, and respectfully moving this Court for an Order reducing the sentence, pursuant to 18 U.S.C. § 3582, previously imposed in the above-entitled and numbered cause, shows the Court that:

## NATURE OF PROCEEDING

This motion is brought pursuant to 18 U.S.C. § 3582 (c) (2), which allows that:

" (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944 (o), upon motion of the defendant… the court may reduce the terms of imprisonment, after considering the factors set forth in section 3553 (a) [ 18 USC § 3553 (a)] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."


## STATEMENT OF CASE AND FACTS

Defendant-Movant *William Harness* was convicted, upon a plea of *guilty*, for a violation of the Federal Controlled Substances Act (CSA).

On *01-26-2012*, Movant was sentenced to a term of *57 months* in the Federal Bureau of Prisons (BOP), and Movant has been imprisoned since *then*. Notably, the Court imposed a total sentence of *57* months. Movant did *not appeal* the conviction or sentence.

At time of sentencing, the Court, based upon the Presentence Report (PSR), found that Movant's offense level was with a corollary criminal history category of *III* resulting in a sentence range of *57* month's minimum, to *71* months maximum.

As noted above, the Court determined a sentence of *57* months was appropriate, and imposed sentence accordingly. [USDJ *MAY*]

The Sentencing Commission has since lowered the applicable drug table, and Movant's new offense level is *21* juxtaposed to a Criminal History Category, reveals a new sentence range of *46* to *57* months. See USSG Chapter 5, Tables.

During the interim, in the course of Movant's imprisonment, he has availed himself to numerous volunteer education courses, and is presently awaiting enrollment in the BOP's intense Residential Drug Treatment Program, 18 U.S.C. § 3621, while completing each of the Court's mandated program and core needs.

As well, Movant has maintained an infraction free disciplinary record, and receives stellar progress reviews and reports. [See attached exhibits, Educational and Disciplinary BOP "Sentry Reports".]

In sum, it is respectfully submitted that the change in the Drug Tables, which effectively have lowered the Movant's post-sentence rehabilitation, strongly militate in favor of this Court's exercise of discretionary powers to reduce Movant's BOP term to a period of *46* months, instanter.

## DISCUSSION

The Sentencing Commission lowered the offense levels in the drug table by two levels.

As such, Movant's base offense level is susceptible to a vertical reduction of two (2) points, and resentencing to a lesser term of imprisonment.

Importantly, the Court is directed to Section § 1B1.10 of the Guidelines by operation of 18 U.S.C. § 3582 (c) (2), and the Court is in no way constrained as to what information it may rely on in determining a new sentence. See: 18 U.S.C. § 3661, and see: Pepper V. United States, ____ U.S. ___, 131 S.Ct. 1229 (2011)

Herein, Movant has maintained an exemplary disciplinary record in the BOP, and has attended, and successfully completed all Court mandated treatment and rehabilitative programs. Likewise, Movant has voluntarily enrolled in, and completed a number of Adult Continuing Education (ACE) courses in the BOP, as well as maintaining enrollment in educational schooling thru completion.

Moreover, Movant has extensive family ties, community ties, and arranged for support and outpatient drug abuse education and

5

therapy upon release from incarceration. Parenthetically, the programs which Movant has completed have been demonstrated to significantly reduce the risk of return rate based upon any recidivist behavior and conduct.

Lastly, as the Supreme Court said in Pepper, supra, consideration of post-sentence rehabilitation evidence is in fact relevant to several of the 18 USC § 3553 (a) factors and could support a downward variance.

Because the Sentencing Commission has changed the drug tables, by reducing same 2 points, and because Movant has clearly availed himself of all available post-sentence rehabilitation programs offered in BOP, it is respectfully submitted that a reduction of the term of imprisonment, at the low-end of the newly derived offense level is indicated.

## CONCLUSION

Wherefore, Movant *William Harness* prays that this court grant this motion, and

A. Issue a corrected judgment pursuant to <u>Fed. R. Crim. Proc. Rule § 36</u>, whereby Movant *receives full credit as of 1-26-2012; or the sentence is corrected to be 32 months prospectively as of 2-25-2014 due to BOP's inability to credit time spent in State of TN Custody;*

B. Grant such other and further relief as the court may deem just and proper.

Signed under the penalty and perjury 11th this day of August 2014.

MICHAEL JOSEPH MILLER
Notary Public - Seal
State of Indiana
Vermillion County
My Commission Expires Feb 26, 2022

*William Harness*
19503-075
Pro Se
POB 33
Terre Haute, IN 47808

8